UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM RUSSELL PERRY,

        Petitioner,

                                      CASE NO. 1:09-CV-1101

v.

                                        HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

        Respondent.

_____/

## OPINION AND ORDER

This matter is before the Court on Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (docket # 1). The Court has carefully reviewed the briefs and determined that an evidentiary hearing is unnecessary to the resolution of this case. *See* Rule 8, RULES GOVERNING § 2255 CASES.

## BACKGROUND

In April 2008, Petitioner Adam Perry was indicted on eight counts, including transporting a child for sexual exploitation, traveling for the purpose of sexually exploiting a child, possession and distribution of images of minors engaged in sexually explicit conduct, and possession and distribution of child pornography (case no. 1:08-cr-101, docket # 1). On June 10, 2008, Mr. Perry appeared before this Court and pleaded guilty to Count I, transporting a child for sexual exploitation, in accordance with a written plea agreement (docket # 38, Transcript of Change of Plea).

Under the terms of a written plea agreement (docket # 16), Mr. Perry waived the right to challenge his sentence and the manner in which it was determined in any collateral attack, including

a section 2255 motion.  The agreement permitted him only to mount a post-conviction attack based upon a claim of ineffective assistance of counsel or a claim of newly discovered evidence.  (docket # 16)  In the agreement, Mr. Perry admitted that he had distributed and possessed images of minors engaging in sexually explicit conduct, and he stipulated and agreed that "such conduct may be considered in the computation of his advisory sentencing guidelines." (*Id.*)  Mr. Perry further agreed to pay full restitution to all victims of his sexual exploitation of children, including victims and losses not associated with the count to which Mr. Perry pleaded guilty.  (*Id.*)  Mr. Perry agreed that the applicable amount of restitution would be determined at sentencing.  (*Id.*)

At the plea hearing, the Court reviewed the Plea Agreement with Mr. Perry, confirming that he understood and agreed to each of its provisions.  The Court specifically addressed with Mr. Perry the plea agreement as it related to restitution:

> THE COURT:  . . .  Restitution is also a possibility in a case like this where there's an identifiable victim with potential counseling expenses or potentially other expenses that could be imposed as part of any criminal judgment.  Have you had a chance to think about that, and do you have any questions about that?
>
> THE DEFENDANT:  Yes, I have, and no.
>
> THE COURT:  No questions?
>
> THE DEFENDANT:  No questions.
>
> . . .
>
> THE COURT:  . . . So paragraphs 1 through 4, I think, cover things–and actually paragraph 5, too–regarding restitution that we've talked about before.  Any questions about those paragraphs?
>
> THE DEFENDANT:  No.

(docket # 38, Transcript of Change of Plea, at 13, 18)  The Court further discussed with Mr. Perry

his agreement to waive most of his rights to appeal:

> THE COURT:  Okay. If you go ahead and plead guilty today and I accept that, you would also be waiving the right to challenge any claims you have that the government exceeded its authority in searching the premises or in searching your computer or in any other way, perhaps in questioning you before they gave you proper Miranda rights. All of those rights you would have to challenge the process of the government's investigation here would also go away.  Have you had a chance to think about that and talk that through with your counsel?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Any questions about the rights that you would be giving up if you decide to plead guilty today?
>
> THE DEFENDANT: No.
>
> . . .
>
> THE COURT: Okay. Paragraph 10 says that as a part of this agreement you're going to waive significant appeal rights that you would otherwise have, and that includes both a direct appeal from a judgment of this Court or a collateral attack on the appeal after all of your direct appeals have been exhausted. And the only thing it looks like you're preserving is a right to argue that the Court incorrectly determined the sentencing guidelines here if you and your counsel preserve that at the time of sentencing.  Any questions about that?
>
> THE DEFENDANT: No.

(*Id.* at 15-16, 22)  The Court also discussed with Mr. Perry his agreement to have included in his

relevant conduct any conduct related to the dismissed counts:

> THE COURT: Okay. Paragraph 9 is a stipulation and agreement that the conduct here in Count 1 is not the only conduct that will be part of the sentencing consideration.  Count 1 is what you're considering pleading guilty to today, and it involves the transportation that we talked about, but in addition if there are images, as you're stipulating, that involve minors engaging in sexually explicit conduct, then under the sentencing guidelines that could be a consideration or part of relevant conduct that the Court is obligated to consider as a part of what the appropriate sentence is.  Have you had a chance to talk that concept of relevant conduct through with your counsel?
>
> THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Any questions about that?

THE DEFENDANT: No.

THE COURT: So even if later on we get to a part of this agreement where Counts 2 through 8 of the Indictment are going to be dismissed by the government at the time of sentencing, the conduct that's described there could still be a part of the Court's sentencing consideration. Do you understand that?

THE DEFENDANT: Yes.

(*Id.* at 21-22)

The Court accepted the plea (docket # 38; *see also* docket # 17), and it accepted the plea agreement at the October 22, 2008 sentencing (docket # 37; *see also* docket # 22). Although Mr. Perry agreed in his plea agreement to pay all restitution, the precise amount could not be determined at the time of sentencing because the victim's therapy co-pay was still uncertain. (docket # 37, at 26-27) Accordingly, in the original judgment, the Court ordered that determination of the amount of restitution be deferred until January 15, 2009. (docket # 23) In the alternative, the Court agreed to entertain a stipulation by the parties for a reasonable restitution amount. (*Id.*) Ultimately, Mr. Perry agreed by stipulation to pay $5,498.52 in restitution. (docket # 25) On December 2, 2008, the Court entered an amended judgment modifying the restitution order to reflect the stipulated amount of restitution. (docket # 26)

On December 4, 2009, Mr. Perry moved for resentencing under 28 U.S.C. § 2255.

## ANALYSIS

Mr. Perry moves to vacate his sentence under 28 U.S.C. § 2255. A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under section 2255. A valid section 2255 motion requires a petitioner to show that "the sentence was imposed in

violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). Mr. Perry's motion must be denied because he does not qualify for relief under section 2255.

First, Mr. Perry's motion is untimely. Absent special circumstances not present in this case, a motion under section 2255 must be brought within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). The Court sentenced Mr. Perry on October 22, 2008 (*see* docket # 22), and judgment entered against him on October 23, 2008 (docket #23). Although that judgment was later amended, the amendment was clerical in nature. The amendment merely clarified the precise amount of restitution, an amount which Mr. Perry had agreed in his plea agreement to pay and to which he stipulated. Therefore, the October 23, 2008 judgment, not the December 2, 2008 amended judgment, is the operative judgment. *See United States v. Greer*, 79 Fed. App'x 974, 974-75 (9th Cir. Oct. 20, 2003) (unpublished opinion). *Cf. United States v. LaFromboise*, 427 F.3d 680, 684 (9th Cir. 2005). Accordingly, Mr. Perry's judgment became final for section 2255 purposes no later than November 2, 2008, ten days after judgment entered against him, and Mr. Perry had until no later than November 2, 2009, to file his section 2255 motion. *See*

*Sanchez Castellano v. United States*, 358 F.3d 424, 425-26, 428 (6th Cir. 2004). His motion was not filed until December 4, 2009. Accordingly, Mr. Perry's petition must be denied as untimely.

Second, Mr. Perry waived his right to bring this section 2255 motion challenging his sentence. In his plea agreement, Mr. Perry waived the right to challenge in a section 2255 motion his sentence and the manner in which the Court determined it. Although Mr. Perry has styled his more than twenty-five claims as ones of ineffective assistance of counsel, the majority of his claims regard pre-plea conduct that does not go to the validity of the plea. *Cf. United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). For instance, Mr. Perry contends that his counsel was ineffective because his counsel did not challenge his incriminating statements or argue that the police did not have a valid search warrant. Such claims, which do not go to the validity of the plea or the waiver, do not survive a knowing and voluntary waiver. *See id.* Here, the Court ensured that Mr. Perry's waiver was informed and voluntary, as demonstrated on the record and as found by the Court in accepting Mr. Perry's guilty plea and the plea agreement. Accordingly, Mr. Perry's right to collateral relief on these issues does not survive his knowing and voluntary waiver. *See id.*; *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

The remainder of Mr. Perry's claims–that is, those few claims that may be seen as pertaining to the validity of the plea agreement itself–are without factual merit. These contentions fall squarely within the issues the Court expressly discussed with Mr. Perry. For example, Mr. Perry objects that his counsel did not discuss with him paragraph nine of the plea agreement, which related to Mr. Perry's stipulation to the use of the dismissed counts in the relevant conduct determination. This is in direct contrast to Mr. Perry's statements during his colloquy with the Court, however. The Court specifically discussed with Mr. Perry the contents and implications of paragraph nine. (docket

# 38 at 21).  After describing that portion of the agreement to Mr. Perry, the Court then asked, "Have you had a chance to talk that concept of relevant conduct through with your counsel?" (docket # 38 at 21)  Mr. Perry responded, "Yes, Your Honor." (*Id.*)  The Court then asked, "All right. Any questions about that?" Mr. Perry responded, "No." (*Id.*)  The Court then restated its explanation of the relevant-conduct issue, stating, "So even if later on we get to a part of this agreement where Counts 2 through 8 of the Indictment are going to be dismissed by the government at the time of sentencing, the conduct that's described there could still be a part of the Court's sentencing consideration." (*Id.* at 21-22)  When asked again if he understood that portion of the agreement, Mr. Perry again responded, "Yes." (*Id.* at 22)  The Court had similar discussions with Mr. Perry regarding each part of the plea agreement, and to each part, Mr. Perry affirmed that he had discussed the issues with his counsel, that he understood the terms and the nature of the plea agreement, and that he did not have any questions regarding the agreement.  Accordingly, Mr. Perry's claims for relief that could pertain to the validity of the plea agreement must be denied as without substantive merit.

**ACCORDINGLY, IT IS ORDERED** that Petitioner's motion for resentencing (docket # 1) is **DENIED**.

Dated:     January 27, 2010             /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE